# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMAAD MALIEK-ALI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-102 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| et al., | ) | Magistrate Judge Richard A. Lanzillo |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Amaad Maliek-Ali ("Plaintiff") initiated this *pro se* action on March 30, 2018, asserting a single claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.[1] ECF No. 4. In his Complaint, Plaintiff alleges that the Defendants – the United States Department of State, former Internal Revenue Service Commissioner John Koskinen, and former "Governor of U.S. IMF" Jacob J. Lew – negligently failed to issue him a replacement passport. Id. at 5. Plaintiff contends that this act denied him the right to his nationality and amounted to "malicious fraud," "war crimes," and "kidnapping." Id. As relief, Plaintiff seeks $1,000,000,000,000 (One Trillion Dollars) in damages, replacement of his passport, his "birth right," and his "Right to nationality of life, Liberty and pursuit of happiness." Id. at 6.

Pending before the Court is Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment. ECF No. 19. Consistent with Renchesnki v. Williams, 622 F.3d 315 (3d

---

[1] Plaintiff also asserts federal jurisdiction pursuant to the "Treaty of Morocco 1787," the "Treaty of Peace and Friendship with Morocco 1786," and something called "Zodiac Constitution: Moorish." ECF No. 4 at 4.

Cir. 2010), the Court ordered Plaintiff to respond to the pending motion and cautioned him that "[the] pending motion may be treated, either in whole or in part, as a motion for summary judgment under Federal Rule of Civil Procedure 56." ECF No. 17.[2] Plaintiff failed to file a meaningful response.[3] Consequently, this matter is ripe for review.[4]

In broad brush, the FTCA "waives the United States' sovereign immunity for torts committed by its employees acting within the scope of their employment." Davila v. United States, 247 F.Supp.3d 650, 657 (W.D. Pa. 2017) (citing 28 U.S.C. § 1346(b)(1)). The Act permits a claim "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (emphasis added). Because the purpose of the Act is to make the United States amenable to suit for "ordinary, common law torts," Dalehite v. United

---

[2] Because the legal issues raised in the motion to dismiss can be resolved without consideration of the attached exhibits, the Court declines to convert Defendants' motion into a motion for summary judgment.

[3] Plaintiff's Response in Opposition (ECF No. 29) does not contain any legal argument. Instead, Plaintiff recounts the procedural history of this case before stating:

> Defendants decline to appear to face me than and it's no different now. You had your chance. Defendant(s) Motion is dismiss With Prejudice. Lanzillo has committed TREASON. Richard A. Lanzillo has committed TREASON. Google Amaad Maliek-Ali for proof of TREASON . . . See order by Lanzillo 10-26-2018 TREASON and all the documents that he has sealed. TREASON WAR CRIMES Kidnapping!"

[4] As always, the Court's analysis of a Rule 12(b)(6) motion is governed by the familiar standard elucidated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pursuant to that standard, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in Conley v. Gibson, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). Moreover, as a pro se litigant, Plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

States, 346 U.S. 15, 28 (1953), liability does not attach for conduct "governed exclusively by federal law," Feres v. United States, 340 U.S. 135, 146 (1950), conduct of a solely governmental nature or function, Akutowicz v. United States, 859 F.2d 1122, 1125 (2d Cir. 1988), or "alleged breaches of a duty arising solely out of federal law when there is no corresponding duty under state law." Cecile Indus., Inc. v. United States, 793 F.2d 97, 99 (3d Cir. 1986) (quoting Blessing v. United States, 447 F. Supp. 1160, 1186 n. 37 (E.D. Pa. 1978)). Thus, the relevant inquiry is whether the alleged tortious conduct of the government has a "private party analog," meaning that it would give rise to a cause of action against an individual if that individual engaged in the same conduct in the same forum. Hall v. United States, 2014 WL 2174718, at *3 (D. Md. May 23, 2014) (citing Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995)). See also Figueroa v. United States, 739 F.Supp.2d 138, 140-41 (E.D.N.Y. 2010) (noting that the law of the forum state must provide a "comparable cause of action . . . against a private person" before FTCA liability can attach to federal government activity).

Defendants contend that this action must be dismissed because "there is no private party analog under Pennsylvania (or any other state) law that would allow Plaintiff's claim for negligent denial of a passport to proceed." ECF No. 20 at 9. The Court agrees. Although the issue has not arisen often, every court to have considered the question has rejected FTCA liability based on the negligent denial of a passport. See, e.g., Hall, 2014 WL 2174718, at *3 (dismissing FTCA claim because "[t]he court cannot discern – and Hall does not offer – any cause of action by which a private individual may be held liable" for failing to issue a passport); Mesnaoui v. Berlowitz, 2012 WL 464001, at *4 (N.D. Cal. Feb. 13, 2012) ("[T]here are no circumstances in the private sector that are 'like' those of the State Department in relation to the issuance of passports, and the court is unaware of any case law holding differently."); Keil v.

3

Spinella, 2011 WL 43491, at *4–5 (W.D. Mo. Jan.6, 2011) (claim that passport was improperly seized has no analogous private cause of action and is not actionable under the FTCA); Figueroa, 739 F.Supp.2d at 142 ("[T]he court holds that the conduct forming the basis of Plaintiff's complaint here—the allegedly negligent issuance of a passport—lacks a private analog and therefore cannot form the basis of a claim pursuant to the FTCA."). Simply put, "[i]ssuing and confiscating passports . . . are not activities that private persons can engage in." Mesnaoui, 2012 WL 464001, at *4. In the absence of any private party analog, Plaintiff's attempt to assert an FTCA claim based on the government's failure to renew his passport must fail.

Based on the foregoing, Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment (ECF No. 19) will be granted. Moreover, because FTCA liability will not attach to the conduct alleged by the Plaintiff, no matter how it might be pleaded, any attempt to amend would be clearly futile. Plaintiff's claim is dismissed, with prejudice, and the Clerk is directed to mark this case closed.

/s/ Richard A. Lanzillo  
RICHARD A. LANZILLO  
United States Magistrate Judge

Dated: April 1, 2019